**Original filed 8/8/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROGER ZAMGOLA, | ) | No. C 05-0975 JF (PR) |
| | ) | |
| Petitioner, | ) | ORDER DENYING |
| vs. | ) | PETITIONER'S MOTIONS FOR |
| | ) | SUMMARY JUDGMENT AND |
| | ) | FOR DISCOVERY; DENYING |
| | ) | REQUEST FOR EVIDENTIARY |
| ROSANNE CAMPBELL, Warden, | ) | HEARING |
| | ) | |
| Respondent. | ) | |
| _____ | ) | (Docket Nos. 24, 25, 28) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 12, 2005, the Court granted Petitioner's motion to proceed in forma pauperis, dismissed one of Petitioner's claims and ordered Respondent to show cause why the petition should not be granted as to the remaining claims. Respondent filed an answer addressing the merits of the petition on September 27, 2005. On October 27, 2005, Petitioner filed a traverse and memorandum supporting his traverse, a motion for summary judgment, a motion for discovery, and a request for an evidentiary hearing. For the reasons set forth below, the Court will DENY Petitioner's motions (docket nos. 24, 25, 28) without prejudice.

## DISCUSSION

A.   <u>Motion for Summary Judgment</u>

Petitioner has filed a motion for summary judgment Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. <u>See</u> <u>id.</u> The Court has yet to review the merits of the instant petition, therefore Petitioner's motion for summary judgment is premature. Accordingly, Petitioner's motion (docket no. 24) is DENIED without prejudice. The Court will reconsider the motion upon review of the merits of the instant petition.

B.   <u>Motion for Discovery</u>

Petitioner filed a motion for discovery. In his motion, Petitioner requests that the Court issue an order for formal discovery of all relevant documents to be served upon Petitioner. <u>See</u> Pet.'s Mot. at 1. A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, provides that a "party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Before deciding whether a petitioner is entitled to discovery under Rule 6(a) the court must first identify the essential elements of the underlying claim. <u>Bracy</u>, 520 U.S. at 904 (difficulties of proof aside, petitioner's allegation of judicial bias, if proved, would violate due process clause). The court must then determine whether the petitioner has shown "good cause" for appropriate discovery to prove his claim. <u>See</u> <u>id.</u> Good cause for discovery under Rule 6(a) is shown "'where

specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . .'" Id. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 299 (1969)).

The instant petition is now submitted and before the Court for review. In its Order to Show Cause, the Court ordered Respondent to filed with the answer, and serve on Petitioner, a copy of all portions of the state trial record that have been transcribed previously, and that are relevant to a determination of the issues presented by the petition. See July 12, 2005 Order (docket no. 4) at 6. Accordingly, Petitioner's motion for general discovery is vague and fails to establish good cause. Petitioner's claims do not appear to rely upon extra-record evidence and a factual basis exists in the record to determine the claims. Upon review of the merits of the petition, if the Court determines that further discovery is required the Court will notify the parties. Petitioner's motion for discovery (docket no. 25 ) is DENIED without prejudice.

C.    Request for Evidentiary Hearing

Petitioner filed a request for evidentiary hearing to determine the facts in the instant petition. An evidentiary hearing is held in federal habeas cases only under the most limited circumstances. See Baja v. Ducharme, 187 F.3d 1075, 1077-79 (9th Cir. 1999). An evidentiary hearing on a claim for which the petitioner failed to develop a factual basis in state court can be held only if petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. See 28 U.S.C. § 2254(e)(2). In short, if he did not present in state court the facts he wishes to present now, for instance by developing them in the underlying criminal or state habeas proceedings, he cannot do so now unless he can bring

1  himself within the provisions of section 2254(e)(2) outlined above.

2      Petitioner has failed to establish any facts that he wishes the Court to consider
3  could not have been discovered and presented to the state courts in the exercise of due
4  diligence. See Baja, 187 F.3d at 1078-79. The Court concludes that Petitioner has not
5  shown that the provisions of 28 U.S.C. § 2254(e)(2) apply in the instant case. The Court
6  will review the underlying record and the pleadings when considering the merits of the
7  petition. Petitioner's request for an evidentiary hearing (docket no. 28) is DENIED
8  without prejudice.

## CONCLUSION

10      Petitioner's motion for summary judgment and motion for discovery (docket nos.
11  24, 25) are DENIED without prejudice. Petitioner's request for an evidentiary hearing
12  (docket no. 28) is DENIED without prejudice. The Court will review the merits of the
13  petition in a separate written order.

14      IT IS SO ORDERED.

15  DATED: 8/8/06          /s/
                                  JEREMY FOGEL
16                                    United States District Judge

1  A copy of this order was mailed to the following:

2

3  Roger Zamgola
   T-22174
4  Mule Creek State Prison
   P.O. Box 409099
5  Ione, CA  95640

6

7  Juliet B. Hayley
   CA State Attorney General's Office
8  455 Golden Gate Avenue
   Suite 11000
9  San Francisco, CA  94102-7004

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Petitioner's Motions for Summary Judgment and for Discovery; Denying Request for Evidentiary Hearing
P:\pro-se\sj.jf\hc.05\Zamgola975misc            5